UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KRISTA LANGE,

                              Plaintiff,

v.                                                Civil Action No. _____

COMMERCIAL RECOVERY SYSTEMS, INC.,

                              Defendant.
_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiff, Krista Lange, is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Commercial Recovery Systems, Inc., is a corporation organized and existing under the laws of the State of Texas and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff allegedly incurred a debt to an unknown creditor. This debt will be referred to as "the subject debt."

10. The subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. Plaintiff allegedly thereafter defaulted on the subject debt.

12. Upon information and belief, Defendant was employed by this unknown creditor to collect on the subject debt.

13. In or about September of 2011, Defendant began calling Plaintiff's parents multiple times in an attempt to collect on the subject debt. Plaintiff does not live with her parents, nor has she lived with them for several years.

14. In or about September, 2011, Defendant left a voice mail message on Plaintiff's parents' home telephone stating they were "calling in regards to an active investigation taking place where your social security number has appeared" and "this is a very serious matter and requires your immediate attention" and left a "case number". In said message, Defendant also fails to give the mini-Miranda warning that a debt collector was calling in an attempt to collect a debt. Defendant also did not identify who they were in the voice mail message.

15. Despite Defendant's voice message, they had not been authorized by the creditor to pursue legal action against Plaintiff, and did not intend to do so.

16. In or about September, 2011, upon hearing the message on Plaintiff's parents' phone, Plaintiff's brother, who lives with Plaintiff's parents, called the number left on the voice message to inquire as to what it was concerning. During the ensuing conversation with Plaintiff's brother, Defendant disclosed Plaintiff's financial information to Plaintiff's brother, including the existence of the alleged subject debt.

17. Plaintiff has never received the 30-day validation notice as is required under 15 U.S.C. §1692g.

18. That as a result of Defendant's acts, Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

19. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 18 above.

20. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using language the natural consequence of which is to abuse the hearer as described in paragraph 14.

    B. Defendant violated 15 U.S.C. §1692c(a)(3) by calling Plaintiff's parents more than once without a request to do so.

    C. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5) and 15 U.S.C. §1692e(10) by using false and misleading representations when stating they were "calling in regards to an active investigation taking place where your social security number has appeared" and "this is a very serious matter and requires your immediate attention" and left a "case number".

    D. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(11) by failing to give the mini-Miranda warning that a debt collector was calling in an attempt to collect a debt in the multiple messages left for Plaintiff.

    E. Defendant violated 15 U.S.C. §1692g by failing to send Plaintiff a 30-day validation notice within five days of the initial communication.

    F. Defendant violated 15 U.S.C. §1692b(1) by failing to identify themselves when calling.

    G. Defendant violated 15 U.S.C. §1692b(2) by disclosing the existence of the alleged subject debt to Plaintiff's brother.

21. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: November 22, 2011

    /s/ Kimberly T. Irving_____
Kimberly T. Irving, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: kirving@kennethhiller.com